**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

THELMA WILLIAMS,
ADC #93197                                                                                                  PLAINTIFF

v.                                            5:12-cv-00238-DPM-JTK

D. L. SLOAN, et al.                                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following partial recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Introduction

Plaintiff Thelma Williams is a state inmate confined at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action against Defendants, alleging numerous constitutional violations. Noting that Plaintiff is a three-striker within the meaning of 28 U.S.C. § 1915(g), and unsure whether Plaintiff's allegations fell within the "imminent danger" exception to the statute, the Court directed Plaintiff to file an Amended Complaint to further clarify his allegations against the Defendants (Doc. No. 12). Plaintiff has filed an Amended Complaint (Doc. No. 13).

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted;

or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In addition, the PLRA provides,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff is considered a "three-striker" within the meaning of the PLRA, because more than three of his prior cases were dismissed as frivolous or for failure to state a claim.[1] He can, however, continue with this action in forma pauperis if he is in imminent danger of serious physical injury. This exception applies only if a threat of imminent danger exists at the time he filed his complaint. Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

## III.   Facts and Analysis

In his Amended Complaint, Plaintiff alleges that Defendants Sloan and Manchbanks have tried to poison him by placing substances into his food, which have made him sick (Doc. No. 13, pp. 1-3, 15-17.) The Court finds that this allegation falls within the "imminent danger" exception to the three-strikes rule. However, Plaintiff's remaining allegations against the other Defendants, concerning food coupons and mail, do not fall within that exception and should be dismissed. In prior similar cases filed by "three strikers," Courts in this district have granted in forma pauperis

---

[1] See Williams v. Wright, 4:11cv00137; Williams v. Smallwood, 5:07cv00181; Williams v. Gibson, 5:07cv00178, Williams v. Bennett, 5:07cv00179.

status only with respect to imminent danger claims, and have dismissed additional "non-threatening" claims.  See Ashley v. Humphries, 4:04-cv-00803-GH-HDY, and Murry v. Bonner, 5:03-cv-00111-JMM-HDY.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants Correctional Medical Services, Green, Cook, Stratton, Kelley, Jackson, Hill, Davis, Duck, Williams, and Robertson be DISMISSED from this action.

IT IS FURTHER RECOMMENDED that any other claims asserted against Defendants Sloan and Manchbanks, aside from the food poisoning claim, be DISMISSED.

IT IS SO RECOMMENDED this 24th day of September, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE