**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

THELMA WILLIAMS                                                         PLAINTIFF

5:12CV00238-DPM-JTK

D. L. SLOAN, et al.                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

## I.      **Introduction**

This matter is before the Court on Defendant Marchbank's Motion for Summary Judgment (Doc. No. 52), to which Plaintiff has responded (Doc. Nos. 59, 60, 62).

Plaintiff Thelma Williams is an inmate incarcerated at the Pulaski County Detention Facility (Jail).  He filed this pro se action pursuant to 42 U.S.C. § 1983, while incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC), alleging numerous constitutional violations.  After noting that Plaintiff is a three-striker within the meaning of 28 U.S.C. § 1915(g), the Court found that he could proceed in forma pauperis only on his claims that Defendants Sloan and Marchbanks tried to poison him by placing substances into his food.  (Doc. Nos. 15, 19).  The Court then dismissed the remaining claims against the remaining Defendants, because they did not fall within the imminent-danger exception to the PLRA three-strike rule. (Doc. No. 19).  Plaintiff's claims against Defendant Sloan were dismissed without prejudice on January 31, 2013, for lack of service (Doc. No. 40).

## II.      Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

### A.      Defendant's Motion (Doc. No. 52)

Defendant Marchbanks asks the Court to dismiss Plaintiff's Complaint against him for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  Defendant states that Plaintiff filed nine grievances against him in June, 2012, and July, 2012, but that none of the grievances concern Plaintiff's allegation that Marchbanks tampered with his food.  (Doc. No.  52-4 .)  In addition, the grievances Plaintiff did file about food tampering were directed toward former Defendant Sloan, and do not mention Marchbanks.  (Doc. No. 52-3.)  According to the ADC grievance procedure, Administrative Directive (AD) 12-16, a grievance

should include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (Doc. No. 52-2, p. 5.)

Defendant also asks the Court to dismiss the monetary claims against him in his official capacity based on sovereign immunity, and the claims against him in his individual capacity based on qualified immunity.

**B.  Plaintiff's Responses (Doc. Nos. 59, 60, 62)**

In his Responses, Plaintiff states that Marchbanks placed something in his food on July 5, 2012, which caused him to become sick on July 9, 2012. Marchbanks also denied him adequate medical treatment, and lied in his Declaration (Doc. No. 52-1) when he stated that he did not prepare meals for inmates. Plaintiff attaches as exhibits the grievances he filed, including several grievances which he claims concerns his claim against Marchbanks. (Doc. No. 59, pp. 7-21; Doc. No. 60, pp. 47-60.)

**C.  Analysis**

Initially, the Court notes that Plaintiff's monetary claims against Defendant in his official capacity are barred by sovereign immunity. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 65-66 (1989); Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997).

The Court also finds that the remaining claims against Defendant in his individual capacity should be dismissed for failure to exhaust his administrative remedies.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

4

42 U.S.C. § 1997e(a), <u>unconst'l on other grounds</u>, <u>Siggers-El v. Barlow</u>, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In <u>Booth v. Churner</u>, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).   In addition, the United States Court of Appeals for the Eighth Circuit held, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" <u>Chelette v. Harris</u>, 229 F.3d 684, 688 (8th Cir. 2000), quoting <u>Castano v. Nebraska Dep't of Corrections</u>, 201 F.3d 1023, 1025 (8th Cir. 2000).   In  <u>Johnson v. Jones</u>, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original.)   Finally, in <u>Jones v. Bock</u>, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."   549 U.S. 199, 218 (2007).

The United States Court of Appeals for the Eighth Circuit recently ruled that prison officials waive the failure to exhaust argument if they decide a procedurally-flawed grievance on the merits. <u>Hammett v. Cofield</u>, 681 F.3d 945 (8th Cir. 2012).  In <u>Hammett</u>, an inmate who relied on grievances which were not exhausted or which were filed outside of mandatory time limits was permitted to proceed in his lawsuit, because the "PLRA's exhaustion requirement is satisfied if prison officials

decide a procedurally flawed grievance on the merits." 681 F.3d at 947. This line of reasoning was extended to an exhausted grievance filed by an inmate who failed to comply with prison procedures requiring that defendants be specifically named, in Bower v. Kelley, 494 Fed.Appx. 718, 2012 WL 6199266 (8th Cir. 2012). In Bower, an inmate filed a grievance about inadequate dental care and did not specifically name any individuals in his grievance. Despite the ADC grievance process requirement of naming individuals involved, prison officials processed his grievance on the merits through the appeals. The Eighth Circuit rejected the Defendants' arguments on appeal that Plaintiff failed to exhaust his administrative remedies by failing to name them in the grievance, citing Hammett and finding that such argument was waived by deciding the flawed grievance on the merits.        In this particular case, Plaintiff filed numerous grievances about food tampering, and named former Defendant Sloan in all of them. (Doc. No. 59, pp. 7-10; Doc. No. 60, pp. 27-36, 38-41, 43-45.) However, he did not name Defendant Marchbanks in any of those grievances. Two of the grievances he relies on for exhaustion are grievances filed against Sloan, and signed by Marchbanks as the officer receiving the grievance. (Doc. No. 59, pp. 18-22.) However, the subject matter of the grievances were not directed toward Marchbanks, and therefore, the Court finds those grievances do not apply to the present claim against him. In addition, four other grievances Plaintiff filed, in which he specifically named Defendant Marchbanks, accused him of interfering with Plaintiff's access to the courts and with the grievance procedure. (Doc. No. 60, pp. 47-60). They did not, however, refer to any of the allegations at issue in this case, and therefore, do not support a finding of exhaustion in this case.

        Based on the filings of both parties, the Court finds it clear that Plaintiff did not comply with the exhaustion requirement set forth in the ADC grievance process or the PLRA, and therefore, that

his claims against Defendant Marchbanks should be dismissed, without prejudice. In light of this conclusion, the Court will not address the remaining arguments for dismissal.  See Johnson v. Jones, where the Court held that if exhaustion was not completed at the time the suit was filed, dismissal is mandatory.  340 F.3d at 627.

## III.    Conclusion

IT IS, THEREFORE, RECOMMENDED that  Defendant's Motion for Summary Judgment (Doc. No. 52) be GRANTED and that Plaintiff's Complaint against Defendant be DISMISSED without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for speedy trial (Doc. No. 63) be DENIED as moot.

IT IS SO RECOMMENDED this 13th day of December, 2013.

_____
    JEROME T. KEARNEY
    UNITED STATES MAGISTRATE JUDGE